**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| COUNCIL OF UNIT OWNERS OF MILESTONE TOWNHOUSE CONDOMINIUMS, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-18-1572 |
| BEAZER HOMES, LLC, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

In this case, Plaintiff, the Council of Unit Owners of Milestone Townhouse Condominiums, seeks to recover from Defendant Beazer Homes, LLC for an alleged violation of the Maryland Consumer Protection Act, Maryland Code Commercial Law § 13-301 *et seq*. ECF No. 2. Pending before the Court is Defendant's Motion to Dismiss. ECF No. 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is denied.

**I.   BACKGROUND[1]**

Plaintiff is a condominium association that represents the interests of most owners of units in the Milestone Condominium project—a development established by Declaration on September 23, 1997. ECF No. 2 ¶¶ 1–3. Defendant acted as the Milestone developer during a period that included June 1997 through August 2000. *Id.* ¶ 8. Defendant hired and supervised contractors, architects, professional engineers, and others to make real property improvements to

---
[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 2, and are presumed to be true.

1

what became the Milestone common areas and condominium units. *Id.* ¶ 9. Defendant also acted as the seller of units between June 1997 and 2001. *Id.* ¶ 10.

Although proper installation of weather resistant barriers between exterior siding and wall sheathing is a requirement per applicable building codes, the Milestone project does not include weather resistant barriers. *Id.* ¶¶ 12–13. These barriers are to include flashing, taping and other measures around windows, doors, seams and other breaks in weather resistant sheeting to prevent the intrusion of moisture into the sheathing and structural elements. *Id.* ¶ 12.

Because of the hidden building defects, water entered beneath the exterior cladding, damaging or threatening to damage structural elements of the buildings that are common to two or more units. *Id.* ¶ 18–19. Plaintiff alleges that unit owners therefore paid more than market value for their condominiums. *Id.* ¶ 20. Defendant's failure to disclose the defects also meant that repairs were not made in a timely fashion and that Plaintiff lost its opportunity to assert warranty and contract claims. *Id.* ¶ 21. Plaintiff discovered the lack of weather resistant barriers while making repairs in 2016. *Id.* ¶ 13. Plaintiff alleges that Defendant knew or should have known that the buildings lacked weather resistant barriers and that Defendant concealed this defect. *Id.* ¶¶ 14–15, 16.

Plaintiff sued Defendant in the Circuit Court for Montgomery County Maryland on March 23, 2018, and Defendant removed the case to this Court on May 18, 2018. ECF No. 1. Plaintiff alleges that Defendant violated the Maryland Consumer Protection Act (CPA) by failing to disclose building defects to purchasers. ECF No. 2 at 8–13. Defendant filed a Motion to Dismiss, arguing that Plaintiff's CPA claim is barred by the Maryland Statute of Repose, § 5-108(b).

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), asserting that it fails to state any claim upon which relief can be granted. To state a claim that survives a Rule 12(b)(6) motion, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

In reviewing a motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). While a court may review affirmative defenses asserted in a Rule 12(b)(6) motion to dismiss, such a motion should be granted only in the "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Moreover, a movant cannot merely show that the elements of the defense appear on the face of the complaint or in properly considered documents, but must also "show that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* at 466.

## III. DISCUSSION

Defendant contends that Plaintiff's CPA claim is time barred by the Maryland Statute of Repose. That statute, § 5-108, provides for a ten- and twenty-year time bar under the following relevant circumstances:

> (a) . . . no cause of action for damages accrues and a person may not seek contribution or indemnity for damages incurred when . . . injury to real or personal property resulting from the defective and unsafe condition of an improvement to real property occurs more than 20 years after the date the entire improvement first becomes available for its intended use.
>
> (b) . . . a cause of action for damages does not accrue and a person may not seek contribution or indemnity from any architect, professional engineer, or contractor for damages incurred when . . . injury to real or personal property, resulting from the defective and unsafe condition of an improvement to real property, occurs more than 10 years after the date the entire improvement first became available for its intended use.

Md. Code Ann., Cts. & Jud. Proc. § 5-108(a)–(b).

Thus, § 5-108(b) expressly shelters architects, professional engineers, and contractors from liability for damage occurring more than 10 years after the date the entire improvement became available while the twenty-year statute of repose applies more broadly.

### A. Applicability of the ten-year time bar

For the ten-year statute of repose to bar Plaintiff's claim, facts in the Complaint must demonstrate that the only role Defendant played in the Milestone project was that of an architect, professional engineer, or contractor. A contractor is "one who contracts on predetermined terms to provide labor and materials and to be responsible for the performance of a construction job in accordance with established specifications or plans." *Hartford Ins. Co.*, 201 F.3d at 541 (quoting *Webster's Third International New Dictionary* 495 (1961). The ten-year statute of repose applies to both general contractors, who undertake "to procure the performance of works or services on a large scale" and are responsible for an entire job, and sub-contractors (i.e. those "responsible for only a portion of a job" such as a plumber or carpenter). *Id.* (quoting *Black's Law Dictionary* 295 (5th ed.1979)).

A developer may play a different role than a contractor or these roles may overlap. In the condominium context, a developer is defined as "any person who subjects his property to the

4

condominium regime established by this title." Md. Code, Real Prop. § 11-101(g). "The developer is, in a sense, the builder of the project, even though he may delegate to others the physical acts of construction." *Council of Co-Owners Atlantis Condo., Inc. v. Whiting-Turner Contracting Co.*, 308 Md. 18, 40 (1986). Thus, a developer might not be the person charged with making improvements to land, but rather the entity that issues and records a declaration to create a condominium project and its council of unit owners. *Id.* Once units and common areas are constructed, a developer then sells and records these units as part of the condominium regime. ECF No. 16 at 6.

Although a developer might hire a general contractor to procure the performance of construction services, there is no rule that says a developer cannot serve as its own general contractor. But because §5-108(b) expressly shields only architects, professional engineers, and contractors from liability after ten years, a developer that serves as its own general contractor has more expansive exposure to liability than an entity serving solely in the contractor role. *See* §5-108(b). The Complaint alleges that Defendant served both as the developer/seller of the Milestone condominium units, ECF No. 2 ¶¶ 8, 10, and that Defendant "hired and supervised contractors, architects, professional engineers, and others to make real property improvements to what became the Milestone common areas and condominium units." ECF No. 2 ¶¶ 8–9. Thus, while Defendant may have also played the role of a general contractor—procuring the performance of works and services on a large scale and overseeing the completion of the construction project, the Defendant's role as the general contractor does not shelter it from liability for its actions as the developer. If discovery demonstrates that Defendant's only role was that of a contractor and some other entity operated as the developer, then the ten-year statute of

5

repose may bar Plaintiff's claim. However, based on the allegations in the Complaint, assumed to be true at this stage, the ten-year statute of repose is inapplicable to Defendant.

### B. Applicability of twenty-year time bar

The twenty-year statute of repose applies more broadly to eliminate any cause of action "for damages incurred" when an injury to real property results from "the defective and unsafe condition of an improvement to real property" more than twenty years after the improvement first became available for its intended use. The parties do not dispute that the Milestone project constituted an improvement to real property or that the lack of weather resistant barriers was a defect. ECF No. 16 at 10. The Court must determine, however, whether Plaintiff's alleged injury resulted from a "defective *and* unsafe condition," and whether the facts show that the improvement became available for its intended use more than twenty years before Plaintiff brought its Complaint.

Water infiltration causing damage or risking damage to a building's structural elements is an unsafe condition. *See Hagerstown Elderly Assocs. L.P. v. Hagerstown Elderly Bldg. Assocs. L.P.*, 368 Md. 351, 355 (2002) (applying Statute of Repose to claims involving damage and collapse of portion of defectively installed exterior cladding system intended to provide "protection against infiltration of the elements for an apartment building"); *Hartford Insurance Co.*, 201 F.3d at 540 (Statute of Repose barred recovery for damage incurred by broken sprinkler-system standpipe that caused flooding). Plaintiff alleges that the lack of weather resistant barriers allowed water to enter beneath the exterior cladding, damaging or threatening to damage structural elements of the buildings that are common to two or more Milestone project units. ECF No. 2 ¶ 18–19. Therefore, the lack of weather resistant barriers would appear to constitute a defect.

Plaintiff's argument that that its damages—diminution in the condominium's value—resulted from Defendant's misrepresentations and not from a "defective and unsafe condition" is unpersuasive. Statutes of repose, unlike statutes of limitations, are "not tolled by a defendant's fraudulent concealment of the cause of a plaintiff's injury." *Carven*, 135 Md. App. at 652. Instead, a statute of repose shelters groups from property injury actions after an elapsed time-period and "unrelated to when an accident or discovery of damages occurs." *Id.* (quoting Susan C. Randall, Comment, *Due Process Challenge to Statutes of Repose,* 40 sw.L.J. 997, 998 (1986)). Plaintiff's characterization of its damages as "lost value" caused by Defendant's misrepresentation can therefore not transform Plaintiff's property injury action into a consumer fraud action outside of the statute of repose.

Finally, the Court considers whether the condominium project became available for its intended use more than twenty years before Plaintiff filed its Complaint. Plaintiff's claim is premised on Defendant's alleged knowledge of defects in the construction of the Milestone project between June 1997 and August 2000. ECF No. 2 ¶ 8. It is thus not clear from the face of the Complaint whether the condominium units affected by the lack of weather resistant barriers became available for their intended use more than twenty years before Plaintiff filed its Complaint on March 23, 2018. Discovery may show that the affected condominium units were completed before March 23, 1998, meaning the twenty-year statute of repose would bar Plaintiff's claim. However, a motion to dismiss based on an affirmative defense should be granted only in the "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman*, 494 F.3d at 464. Those circumstances do not exist here because Defendant has not shown that Plaintiff's "potential rejoinder to the affirmative defense" is "foreclosed by the allegations in the complaint." *Id.* at 466.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. A separate Order shall issue.

Date: <u>March 20, 2019</u>　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge